PDK/FRAUD: USAO 2023R00311

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 25-CR-142 |
| | * | |
| RODERICK WATSON, | * | (Bribery of a Public Official, |
| | * | 18 U.S.C. § 201(b)(2)(A); |
| Defendant | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), |
| | * | 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

The United States of America charges that:

### Relevant Individuals and Entities

At all times relevant to this Information, with all dates being approximate and inclusive:

1.      The defendant, **RODERICK WATSON** ("**WATSON**"), a Maryland resident, was a contracting officer at the United States Agency for International Development (USAID) from in or around 2009 through in or around 2023.  As such, **WATSON** was a public official under 18 U.S.C. § 201(a)(1).

2.      Co-schemer 1 (CS-1), a Florida resident, was the president of Company 1, which was headquartered in Washington, D.C.  Company 1 contracted with government agencies, including USAID, to provide administrative and technology services.

3.      Co-schemer 2 (CS-2), a Maryland resident, was the founder, owner, and president of Company 2, which was headquartered in Towson, Maryland.  Company 2 provided consulting and other services to government agencies, including USAID.

4.      Co-schemer 3 (CS-3), a Maryland resident, was the president of Company 3, which was headquartered in Fulton, Maryland, and contracted with United States government

agencies to provide Information Technology services.

5.      Company 4 was a small business investment company in Maryland.

### The Bribery Scheme

6.      Beginning in or around 2013, through in or around 2023, **WATSON** executed a bribery scheme with CS-1, CS-2, and CS-3 under which **WATSON** received bribes in exchange for **WATSON** agreeing to influence the award of approximately $552.5 million dollars' worth of USAID contracts to Company 1 and Company 2.

7.      Throughout the scheme, CS-1 and CS-2 regularly paid various bribes to **WATSON** including cash, iPhones, laptops, thousands of dollars in tickets to a suite at an NBA game, a country club wedding, downpayments on two residential mortgages, cashier checks to pay off debt for a vacation at Martha's Vinyard, as well as intangible benefits like jobs for relatives.  Ultimately, **WATSON** received numerous bribes collectively valued at more than $1 million.

8.      Throughout the scheme, **WATSON**, CS-1, and CS-2  concealed various bribes through various methods, including electronic bank transfers falsely listing **WATSON** on payroll, PayPal and CashApp transfers, incorporated shell companies, and false invoices through CS-3, the president of Company 3, which was a subcontractor to Company 1 and Company 2.

9.      Throughout the scheme, in exchange for the ongoing stream of bribe payments, **WATSON** influenced the award of contracts to Company 1 and Company 2 by manipulating the procurement process at USAID through various means, including recommending Company 1 and Company 2 to other USAID decisionmakers for sole-source (noncompetitive) contract awards, disclosing sensitive procurement information during the competitive bidding process, providing positive performance evaluations to the government agency, and approving decisions

on the contracts such as increased funding and a security clearance.

10.    In or around March 2022, as part of the scheme, **WATSON** and CS-2 fraudulently induced Company 4 to extend a $14 million loan to Company 2, which was provided in exchange for artificially inflated stock warrants amounting to a 40% equity stake in Company 2.  At the request of CS-2, **WATSON** agreed to speak with representatives from Company 4 about Company 2's performance on USAID contracts.  During those conversations **WATSON** omitted that CS-2 bribed **WATSON** to obtain USAID contracts for years.  Moreover, CS-2 misrepresented that Company 2 did not commit fraud or bribery to procure USAID contracts.  After the investment company disbursed the loan, $4 million was frozen until Company 2 received a contract which, unbeknownst to Company 4, occurred through CS-2's continued bribes to **WATSON**.

## COUNT ONE
### (Bribery of a Public Official)

11.    Paragraphs 1 through 10 of this Information are alleged and incorporated herein by reference.

12.    Between in or around 2013 and in or around 2023, in the District of Maryland and elsewhere, **RODERICK WATSON**, a public official, directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to receive and accept things of value, including money, in return for being influenced in the performance of official acts, as opportunities arose, including using **WATSON**'s position and influence within USAID to influence the award of contracts to Company 1 and Company 2.

18 U.S.C. § 201(b)(2)(A)

## FORFEITURE ALLEGATION

The United States of America further alleges that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) in the event of the defendant's conviction under Count One of this Information.

2.      Upon conviction of the offense alleged in Count One of this Information, the defendant,

### RODERICK WATSON,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

4

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date:  5/7/25

/s/ Lorinda Laryea
Lorinda Laryea
Acting Chief
United States Department of Justice
Criminal Division, Fraud Section

Date:  5/7/25

Kelly O. Hayes / PDK
Kelly O. Hayes
United States Attorney
United States Attorney's Office
District of Maryland