**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PX-25-142** |
| | * | |
| **RODERICK WATSON,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\***

**JOINT STATUS REPORT**

The United States of America and defendant Roderick Watson, by and through undersigned counsel, pursuant to the Court's Order (ECF No. 42), hereby provide the following joint status report:

1.      Mr. Watson pleaded guilty to an Information on May 8, 2025. Prior to that, the Federal Public Defender's Office had been representing Mr. Watson in connection with the government's investigation since September of 2023.   The government did not produce discovery to Mr. Watson before he entered his plea.[1]   Sentencing was originally scheduled for October 6, 2025 (ECF No. 16), then rescheduled to February 18, 2026 (ECF No. 32).

2.      On January 13, 2026, the Court granted the Government's Consent Motion to Continue Sentencing Hearing, and ordered that a status call with the Court be set for April 3, 2026, at 10 a.m., and that the parties file a joint status report to advise the Court as to the status of discovery and the preparation for sentencing no later than April 1, 2026.   (ECF No. 42).

---

[1] The government had shown the defense a "reverse proffer" presentation and provided a limited set of discovery documents on a "view only" basis.

3.      On January 9, 2026, the Court issued an Amended Protective Order (ECF No. 40) following the government's submission of a Consent Motion to Amend the Protective Order. (ECF No. 39).

4.      Between November 5, 2025,, and March 30, 2026, the government has produced to Defendant Watson seven sets of discovery containing at least 5 million pages of records. Additional discovery remains outstanding. The remaining discovery records are being reviewed for potentially privileged materials before production. The records being reviewed are voluminous in nature and include materials that were collected from electronic devices and accounts belonging to Walter Barnes. Counsel for Defendant Watson and for his co-conspirators have been assisting the government in identifying which of these materials are relevant to this case and potentially privileged.

5.      Due to capacity and technical problems, the defense has not been able to view the majority of the discovery produced to date.[2] In light of these difficulties accessing and digesting discovery, and the large volume of materials produced, the defense has made particularized requests to the government, including that the government identify: (1) specific materials the government seeks to rely upon at sentencing, and (2) all materials that constitute *Brady* and *Giglio* for sentencing.   In response to these requests, the government has stated its position that while it is complying with its discovery obligations, it is not required or prepared to identify the specific

---

[2] For example, at least two of the productions have contained virused files, precluding the productions from being uploaded to the FPD's servers. The government has endeavored to re-produce those productions with the virused files withheld. Additionally, the files have been produced in a format that the defense is unable to access without a review platform that the FPD does not currently have access to. The parties continue to work through similar issues with subsequent productions.

materials it intends to rely upon at sentencing or the specific materials that have been produced in discovery that constitute *Brady* and *Giglio* for sentencing.

6.      The parties require additional time to complete discovery and review the materials in preparation for sentencing.   The government also is in the process of providing information and analysis to Defendant Watson regarding the total value of the benefit received in this case.

7.      The parties have been conferring regarding review of the discovery materials and issues relevant to sentencing in preparation for a sentencing hearing.

8.      Based on the above, the parties in this case respectfully request the Court to postpone to at least the week of April 13, 2026, the status call with the Court set for April 3, 2026, at 10 a.m.   During the status call, the parties will apprise the Court regarding the status of discovery and any remaining issues. The parties further request the Court to schedule a status report for no less than 45 days, at which time the parties will advise the Court as to the status of discovery and their preparation for sentencing.

WHEREFORE, counsel for the Government moves that the Court enter an order to continue the sentencing and associated deadlines in this case, to schedule a status call for no sooner than the week of April 13, 2026, and to set a status report for no less than 45 days.

Respectfully submitted,

Kelly O. Hayes
United States Attorney
District of Maryland

Lorinda I. Laryea
Chief, Fraud Section
United States Department of Justice

By: _____
Ariel Glasner

3

Trial Attorney
U.S. Department of Justice, Criminal Division
Fraud Section

Joshua A. Rosenthal
Assistant United States Attorney
United States Attorney's Office
District of Maryland

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PX-25-142** |
| | * | |
| **RODERICK WATSON,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\***

**<u>ORDER</u>**

The Court received and reviewed the parties' Joint Status Report.   It is hereby ORDERED that the status call with the Court set for the 3rd day of April 2026, at 10:00 am be continued to the _____ day of _____, 2026 at _____, and that the parties file a joint status report to advise the Court as to the status of discovery and their preparation for sentencing no later than the _____ day of _____, 2026.

_____
HONORABLE PAULA XINIS
UNITED STATES DISTRICT JUDGE